Wilson *v.* Fritts.

CATHARINE WILSON and husband

*v.*

PETER FRITTS and wife and others.

| 32 | 59 |
|----|-----|
| 59 | 320 |
| 32 | 59 |
| 63 | 395 |
| 32 | 59 |
| 64 | 325 |

A testator, at the time of making his will, and, also, at the time of his death, had eight sons living.  By his will he gave his real estate to his widow for life, with remainder in fee to his eight sons.  After his death another son was born, who was not provided for by settlement nor disinherited by the will.—*Held* (the widow being dead), that, under the statute (*Rev. p. 1246 § 19*), the eight sons must severally contribute such portions of their real and personal estate derived under the will as will make the share of such pretermitted posthumous child equal to what it would have been had his father died intestate, and that otherwise the provisions of the will were not disturbed.

Bill for partition and cross-bill.    On state of the case.

*Mr. Isaac Van Wagoner*, for complainants.

*Mr. Peter Ryle*, for Peter Fritts.

THE CHANCELLOR.

Daniel A. Brower died in 1847, leaving a will.    When he made his will, and at the time of his death, he had eight sons.    Another was born after his death.    By his will he gave his real estate to his wife during her widowhood (she is now dead), with remainder in fee to the eight sons who were born before his death.    His posthumous son was not provided for by settlement or will, nor was he disinherited.

The questions submitted by the state of the case are, Whether the posthumous son is entitled to receive the same portion of his father's estate that he would have been entitled to had his father died intestate; and whether the birth of the posthumous child worked a complete revocation of the will, annulling it in all its parts.    The language of the statute furnishes a full and complete answer to both of these questions.    The act (*Rev. p. 1246 § 19*) provides that

if a testator, having a child or children born at the time of making and publishing his last will and testament, shall, at his death, leave a child or children born after the making and publishing of such last will and testament, or any descendant or descendants of such after-born child or children, the child or children so after-born, or their descendant or descendants respectively, if neither provided for by settlement nor disinherited by the testator, shall succeed to the same portion of the father's estate as such child or children or descendants would have been entitled to if the father had died intestate; towards raising which portion the devisees and legatees, or their representatives, shall contribute proportionably out of the part devised and bequeathed to them by the same will and testament.

The will stands, except so far as the disposition of property under it is disturbed by the necessity of contribution to make up the portion of the posthumous child. The devisees and legatees, those to whom the testator has given his property by his will, must contribute from that which is devised or bequeathed to them by the will, such a portion as the pretermitted posthumous child would have been entitled to out of the estate of which the testator was possessed at the time of his death had the father died intestate.

In *Wilson* v. *Miller*, *1 Patt. & H. (Va.) 353*, under the same statutory provision, it was held that the doctrine of hotchpot did not apply to such a case as this, and that children who had been advanced might therefore take their legacies without bringing in their advancements, and the pretermitted child would only be entitled, under any circumstances, to its share of the estate left by the father at the time of his death, to be made up by ratable contributions among the legatees.